IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| TOPSOURCE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:12-cv-00078 |
| | ) | |
| THE IBCS GROUP, INC., et al., | ) | |
| | ) | By:   Michael F. Urbanski |
| Defendants. | ) | United States District Judge |
| | ) | |
| | ) | |

**MEMORANDUM OPINION**

Before the court is defendants' renewed motion to dismiss (Dkt. # 18) plaintiff's complaint for failure to state a claim upon which relief may be granted. For the reasons stated below, defendants' motion must be **GRANTED**.

**I.**

This action brought pursuant to the Miller Act, 40 U.S.C. § 3131 et seq., involves a claim on a payment bond issued by defendants. Plaintiff, TopSource Corporation ("TopSource"), filed a warrant in debt in the Rockingham County General District Court on June 20, 2012, claiming defendants, IBCS Group, Inc. and Edmund Scarborough, an individual surety, owe TopSource the sum of $12,160 plus interest, costs, and attorney's fees based on an "open account." Defendants removed this action to federal court, as this court has exclusive jurisdiction over civil actions arising under the Miller Act, see 40 U.S.C. § 3133(b)(3), and thereafter filed a motion to dismiss or, in the alternative, motion for a more definite statement, arguing plaintiff failed to state any factual allegations to support its claim of an "open account."

In response, TopSource filed a complaint[1] alleging that in August 2009, the United States Department of the Navy and Tommy Abbott and Associates, Inc. ("Abbott"), a general contractor, entered into a contract for the construction of the Dam Neck Cottages in Virginia Beach. TopSource asserts that, pursuant to the Miller Act, Abbott secured a payment bond, executed by defendants, in support of the Dam Neck Project in the amount of $1,839,000.[2]

TopSource alleges that Abbott hired TopSource as a subcontractor and that TopSource supplied Abbott with "materials, including vanities, sinks, tub surrounds, and related bath items, and labor for the Project pursuant to an open credit account that Abbott had with [TopSource]." Compl., Dkt. # 15, at ¶ 10. TopSource alleges that on January 11, 2011, pursuant to orders and requests by Abbott under the open credit account, it shipped $10,074 worth of "various items and goods" to Abbott, which were incorporated into the Dam Neck Project. Id. at ¶ 11. TopSource alleges that on January 14, 2011, it shipped an additional $2,086 worth of "various items and goods" to Abbott, which were incorporated into the Dam Neck Project. Id. at ¶ 12. TopSource further alleges that Abbott "signed off on the plaintiff's satisfactory completion of its work on the Project," id. at ¶ 14, referencing the Installation Check List attached as Exhibit 4 to the complaint, which is dated January 18, 2011. This checklist confirms that all labor and installation was "complete and satisfactory," and states that TopSource employees did not need to make any return trips to the Dam Neck Project. Compl., Dkt. # 15, at Ex. 4. TopSource

---

[1] Defendants assert that the filing of this complaint satisfies Federal Rule of Civil Procedure 8(a) and moots defendants' request for a more definite statement. See Renewed Motion to Dismiss, Dkt. # 18, at 1. The complaint also appears to moot defendants' initial motion to dismiss under Rule 12(b)(6), which concerned TopSource's failure to state any factual allegations in the warrant in debt to support its claim of the existence of an "open account" between the parties. As such, defendants' motion to dismiss or, in the alternative, motion for a more definite statement (Dkt. # 8) will be **DENIED as moot**.

[2] TopSource attached a copy of the payment bond as an exhibit to its complaint, along with an invoice dated January 11, 2011, an invoice dated January 14, 2011, and an Installation Check List dated January 18, 2011. In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court can "consider documents attached to the complaint, see Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Philips v. Pitt County Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

claims that Abbott owes $12,160 for the goods, materials and labor it supplied under its open account and that, despite demand, TopSource has not received payment for the materials. TopSource therefore asserts a claim against defendants[3] under the payment bond in the amount of $12,160 plus interest and costs.

Defendants have filed a renewed motion to dismiss the complaint (Dkt. # 18), in which they argue TopSource's claim is barred by the Miller Act's one-year statute of limitations. TopSource has not filed a response to the renewed motion to dismiss.[4]

## II.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter which, accepted as true, "state[s] a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  This plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully."  Id.  When ruling on a motion to dismiss, the court must "accept the well-pled allegations of the complaint as true" and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff."  Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997).  While the court must accept as true all well-pleaded factual allegations, the same is not true for legal conclusions.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678.  Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 679.

---

[3] TopSource alleges that Abbott has filed for bankruptcy.  Compl., Dkt. # 15, at ¶ 17.
[4] Although TopSource filed a response in opposition to defendants' initial motion to dismiss or, in the alternative, motion for a more definite statement, this motion did not concern the statute of limitations issue presently before the court.

"Although a motion pursuant to Rule 12(b)(6) invites an inquiry into the legal sufficiency of the complaint, not an analysis of potential defenses to the claims set forth therein, dismissal nevertheless is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996) (citing Richmond, Fredericksburg & Potomac R. Co. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993)). "A complaint showing that the governing statute of limitations has run on the plaintiff's claim for relief is the most common situation in which the affirmative defense appears on the face of the pleading and provides a basis for a motion to dismiss under Rule 12(b)(6). . . ." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed. 2004); accord Brooks, 85 F.3d at 181. Indeed, courts have held that the one-year statute of limitations found in the Miller Act is an affirmative defense properly analyzed under Rule 12(b)(6). See, e.g., Highland Renovation Corp. v. Hanover Ins. Group, 620 F. Supp. 2d 79, 82 (D.D.C. 2009).

### III.

The Miller Act is designed "to protect persons supplying labor and material for the construction of federal public buildings in lieu of the protection they might receive under state statutes with respect to the construction of nonfederal buildings." United States ex rel. Sherman v. Carter, 353 U.S. 210, 216 (1957). The Miller Act requires general contractors awarded a contract in an amount greater than $100,000 by the federal government for "the construction, alteration, or repair of any public building" to obtain a payment bond for the "protection of all persons supplying labor and material in carrying out the work provided for in the contract . . . ." 40 U.S.C. § 3131(b)(2). A person who has furnished labor or materials in carrying out work provided for in a contract for which a payment bond is furnished under § 3131, who has not been paid within ninety days "after the day on which the person did or performed the last of the labor

or furnished or supplied the material for which the claim is made," can bring a civil action on the bond for the amount unpaid. Id. at § 3133(b)(1). Such an action must be brought "no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action." Id. at § 3133(b)(4).

TopSource alleges in its complaint that it supplied materials to Abbott for use in the Dam Neck Project on January 11 and 14, 2011, and the invoices attached to the complaint support that contention. Compl., Dkt. # 15, at ¶¶ 11, 12; Ex. 2, 3. An Installation Check List dated January 18, 2011 is also attached to the complaint and contains signatures from representatives of both the contractor and TopSource. The Installation Check List indicates that all items have been completed to both parties' satisfaction and "no return trip is necessary." Id. at Ex. 4. Based on TopSource's allegations, the last of the labor performed or materials supplied by TopSource occurred in January 2011.[5] TopSource did not assert a claim on the payment bond, however, until it filed its warrant in debt in the Rockingham County General District Court on June 20, 2012. It subsequently filed a complaint in federal court on November 9, 2012, after the case had been removed. At best, TopSource asserted its claim seventeen months after it last performed labor or supplied materials for the Dam Neck Project. TopSource's claim is therefore time-barred by the Miller Act's one year statute of limitations.

As such, defendants' renewed motion to dismiss (Dkt. # 18) will be **GRANTED**. An appropriate Order will be entered.

           Entered: March 25, 2013

           /s/ Michael F. Urbanski

           Michael F. Urbanski
           United States District Judge

---

[5] TopSource does not present anything to show that the doctrines of waiver, estoppel or equitable tolling should apply in this case.

5